UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -2 P 1:53

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 04-10173-DPW |
| v. | VIOLATIONS:<br>26 U.S.C. § 7206(1) (False Returns) |
| JEFFREY MARGOLIN |  |
| Defendant. |  |

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

1.    At times material to this Information, defendant JEFFREY MARGOLIN

("MARGOLIN") was an individual who resided at 195 Tremont Street, Mansfield,

Massachusetts.

2.    At all times material to this Information, MARGOLIN owned and operated a

towing company named J.D. Towing, located at 8 Wilton Terrace, Brighton, Massachusetts.

3.    MARGOLIN retained an outside bookkeeper (the "bookkeeper") to assist him in

maintaining J.D. Towing's books and records.

4.    On or about November 25, 1999, MARGOLIN filed with the Director, Internal

Revenue Service at Andover, Massachusetts a joint U.S. Individual Income Tax Return for the

calendar year 1997.  MARGOLIN filed a Schedule C Profit or Loss from Business with his 1997

return.  On that Schedule C, MARGOLIN reported gross income of $236,141, total expenses of

$214,072 and a net profit of $22,069 resulting from the business operations of J.D. Towing in

1997.

5.      On or about March 11, 2000, MARGOLIN filed with the Director, Internal Revenue Service at Andover, Massachusetts a joint U.S. Individual Income Tax Return for the calendar year 1998. MARGOLIN filed a Schedule C Profit or Loss from Business with his 1998 return. On that Schedule C, MARGOLIN reported gross income of $412,915, total expenses of $387,077 and a net profit of $25,838 resulting from the business operations of J.D. Towing in 1998.

6.      MARGOLIN signed written declarations in connection with both the 1997 and 1998 returns verifying that the returns were made under the penalties of perjury.

7.      MARGOLIN hired certified professional accountants to prepare both returns (the "tax return preparers").

### False Gas and Oil Expenses – 1997

8.      At all times material to this Information, MARGOLIN's former wife possessed an American Express card (the "American Express card") to which MARGOLIN had access. MARGOLIN used the American Express card to charge business expenses relating to J.D. Towing. MARGOLIN also used the American Express card to charge personal expenses.

9.      MARGOLIN made payments to American Express with checks written off J.D. Towing's business bank account. The bookkeeper determined the extent to which such payments reflected J.D. Towing business expenses by reviewing the monthly American Express bills, identifying MARGOLIN's personal charges, and segregating those charges from MARGOLIN's business charges.

10.     In 1997, the bookkeeper segregated out approximately $38,573 in American Express charges as involving personal expenditures.

2

11.     When preparing MARGOLIN's 1997 tax return, his return preparer erroneously characterized as J.D. Towing business expenses the full amount of MARGOLIN's American Express payments, including the approximately $38,573 in charges that the bookkeeper had identified and segregated out as involving personal expenditures. MARGOLIN failed to inform the return preparer that his American Express charges included personal expenditures, thus causing these expenditures to be deducted falsely as business expenses. The return preparer classified the expenditures as "assumed gas and oil" expenses.

<u>False Atlantic Wrecker Expenses – 1997 and 1998</u>

12.     In 1997 and 1998, MARGOLIN made numerous charges on the American Express card to a company named Atlantic Wrecker Sales, Inc. ("Atlantic Wrecker"). The bookkeeper characterized all of the Atlantic Wrecker charges as business expenses. MARGOLIN's tax return preparers likewise treated all of MARGOLIN's Atlantic Wrecker charges as J.D. Towing business expenses in preparing MARGOLIN's 1997 and 1998 federal income tax returns.

13.     MARGOLIN failed to inform his bookkeeper or his tax return preparers that a number of the American Express charges to Atlantic Wrecker did not constitute business expenses incurred by J.D. Towing at Atlantic Wrecker. Rather, many of the charges involved occasions on which MARGOLIN had asked the owner of Atlantic Wrecker to run the American Express card through her machine (i.e., process a charge against the card) and then provide him with a check for the amount of the charge, minus any fee. MARGOLIN took the checks that he received from Atlantic Wrecker's owner to a check cashing company and cashed them.

14.     In 1997, MARGOLIN used the American Express card in the foregoing manner to

3

incur approximately $30,900 in charges at Atlantic Wrecker that did not involve business expenses incurred by J.D. Towing at Atlantic Wrecker. In 1998, MARGOLIN used the American Express card to incur approximately $27,225 in Atlantic Wrecker charges that did not involve business expenses incurred by J.D. Towing at Atlantic Wrecker. MARGOLIN's 1997 and 1998 federal income tax returns falsely characterized the foregoing American Express charges at Atlantic Wrecker as business costs and expenses of J.D. Towing.

15.     MARGOLIN concealed the foregoing falsities from his bookkeeper and his tax return preparers by not telling them that he was receiving checks from Atlantic Wrecker's owner in exchange for the American Express charges, not informing them that he was cashing these checks at a check casher and not telling them that these charges should not be included as business expenses incurred by J.D. Towing at Atlantic Wrecker.

16.     Through such conduct, MARGOLIN did willfully make, subscribe and file with the Internal Revenue Service false and fraudulent join U.S. Individual Income Tax Returns for each of the calendar years 1997 and 1998.

## COUNT ONE

### (False and Fraudulent Return: 1997 - 26 U.S.C. § 7206(1))

17.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-16 of this Information and further charges that:

18.     On or about the 25th day of November, 1999, in the District of Massachusetts, the defendant JEFFREY MARGOLIN, a resident of Mansfield, Massachusetts, did willfully make and subscribe a joint U.S. Individual Income Tax Return for the calendar year 1997, which was verified by a written declaration that it was made under the penalties of perjury and was filed

4

with the Director, Internal Revenue Service at Andover, Massachusetts, which said income tax return MARGOLIN did not believe to be true and correct as to every material matter in that the said return falsely inflated the costs and expenses of MARGOLIN's sole proprietorship, J.D. Towing, by erroneously including approximately $69,473 in American Express charges made by MARGOLIN as costs and expenses of the business, whereas, as MARGOLIN then and there well knew and believed, said charges reflected personal expenditures, not business expenses, and thus could not be used to reduce the amount of J.D. Towing's income or profit.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT TWO

### (False and Fraudulent Return: 1998 - 26 U.S.C. § 7206(1))

19.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-16 of this Information and further charges that:

20.     On or about the 11th day of March, 2000, in the District of Massachusetts, the defendant JEFFREY MARGOLIN, a resident of Mansfield, Massachusetts, did willfully make and subscribe a joint U.S. Individual Income Tax Return for the calendar year 1998, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Director, Internal Revenue Service at Andover, Massachusetts, which said income tax return MARGOLIN did not believe to be true and correct as to every material matter in that the said return falsely inflated the costs and expenses of MARGOLIN's sole proprietorship, J.D. Towing, by erroneously including approximately $27,225 in American Express charges made by MARGOLIN as costs and expenses of the business, whereas, as MARGOLIN then and there well

5

knew and believed, said charges reflected personal expenditures, not business expenses, and thus could not be used to reduce the amount of J.D. Towing's income or profit.

All in violation of Title 26, United States Code, Section 7206(1).

MICHAEL J. SULLIVAN
United States Attorney

By:

Michael J. Pineault
Assistant U.S. Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210

Dated: June 2, 2004

6