*(handwritten)* Filed in Philoclu 2/30/04 Ry

United States District Court
District of Massachusetts

Criminal No.    04-10173

United States of America

v.

Jeffrey Margolin

---

## Defendant's Memorandum In Aid Of Sentencing

---

Now comes the defendant Jeffrey Margolin and respectfully moves that this court depart downward from the Sentencing Guidelines pursuant to U.S.S.G. 5K2.0. The Guidelines and Sentencing Reform Act allow the sentencing court to impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists [a] .... mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence different form that described." U.S.S.G. § 5K2.0 Policy Statement, quoting 18 U.S.C. § 3552(b).

In this case, the parties reached a plea agreement under which the government would recommend a sentence of two years probation, with the first six months to be served in home confinement with electronic monitoring.  This sentence was predicated on the

1

assumption that the defendant's criminal background warranted a Criminal History Category of I.  Although that assumption has turned out to be incorrect, the government is standing by its sentencing recommendation. While the Criminal History Category of II that has been attributed to the defendant would not permit the imposition of the recommended sentence, such a sentence would be permissible if this court agrees to a downward departure.  In this case, the defendant contends that there are two circumstances warranting a downward departure. First, he submits that the criminal history category assigned to him seriously overstates his past criminal background. Second, the period of incarceration called for under the Guidelines will impose extreme hardship on his family, particularly his disabled son.

A.    **The Level Two Criminal History Category Assigned To The Defendant In The PSI Significantly Overstates The Seriousness Of His Criminal History**

"The Sentencing Guidelines explicitly encourage a departure when the district court concludes that a defendant's criminal history category over-represents the seriousness of the defendant's criminal history or likelihood of recidivism." *United States v. Collins*, 122 F.3d 1297, 1304 (10th Cir. 1997). *See* U.S.S.G. § 4A1.3.

In this case, the PSI assesses two criminal history points based on charges of larceny by check and larceny over $250.00. Both charges were brought in Massachusetts district courts. The larceny by check charge was continued without a finding and ultimately dismissed upon payment of restitution. The larceny over charge, which involved the alleged theft of electricity, resulted in a fine, which the defendant paid.

The parties in this case entered into a plea agreement on the assumption that the defendant's background placed him in Criminal History Category I, but the calculations in the PSI place him in Category II. Although strictly "countable" under U.S.S.G. § 4A1.2(c), both of the prior offenses were relatively minor misdemeanors. Neither offense involved violence, drug use, or drug distribution, and neither resulted in the defendant's incarceration. *Contrast United States v. Snyder*, 235 F.3d 42, 51 (1st Cir. 2000) (past criminal history, which the defendant characterized as "minor", included drug dealing, a crimes of violence). In fact, the earlier of the two was dismissed. In these circumstances, the defendant's "criminal history category significantly over-represents the seriousness of [his] criminal history or the likelihood that [he] will commit further crimes." U.S.S.G. § 4A1.3. *See United States v. Bowser*, 941 F.2d 1019, 1024-1026 (10th Cir. 1991); *United States v. Smith*, 909 F.2d 1164, 1169-1170 (8th Cir. 1990).

The defendant urges this court to exclude one or both of these offenses from the guideline calculation based on the minor nature of the offenses. Should this court decline to assess criminal history points, or should this court assess only one criminal history point, the defendant would be placed in Criminal History Category I, which would more accurately reflect his past criminal history.

## B.  The Defendant Should Receive A Downward Departure From The Sentencing Guidelines Because His Incarceration Will Result In Extreme Hardship For His Family, Particularly For His Disabled Son

A district court may depart under the Sentencing Guidelines on the basis of extraordinary family circumstances. U.S.S.G. § 1B1.1 et seq. & § 5K1.6; 18 U.S.C.A. *See United States v. Roselli*, 366 F.3d 58, 69 (1st Cir. 2004). The defendant requests that this court allow a downward departure based on his unique family circumstances. *United States v. Rivera*, 994 F.2d 942, 952 (1st Cir. 1993) (court may depart downward based on totality of family circumstances as seen from district court's unique vantage point); *United States v. Sclamo*, 997 F.2d 970, 973-974 (1st Cir. 1993) (same).

As the PSI notes, the defendant's eleven year-old son Benjamin, who lives in New York State, is confined to a wheelchair. The defendant picks him up in Albany

on alternate weekends and brings him to Massachusetts. If the defendant is incarcerated, it will be impossible for him to visit with and maintain his relationship with his son during the period of incarceration. This scenario would impose a hardship on the entire family, but it would be Benjamin who would suffer the most in view of his disabilities. *United States v. Roselli*, 366 F.3d at 70. *Contrast United States v. Louis*, 300 F.3d 78, 84 (1st Cir. 2002) (nothing extraordinary about the type and degree of hardship that the defendant claims will be visited upon his family).

In addition, the defendant is the primary source of support for his family. His wife recently become employed at Home Depot after a lengthy period of unemployment, but even with her full-time employment, the family is having a difficult time making ends meet. The family's debts currently exceed their assets by a substantial amount, and he and his wife are currently contemplating filing for bankruptcy protection The defendant's incarceration and the subsequent loss of his income would make a bankruptcy filing a virtual certainty and would result in extreme hardship for his wife and stepchildren. In addition, it would impair the defendant's ability to pay child support and the balance due to his former wife from the divorce settlement. The defendant requests that this court depart downward in order to minimize the impact on his innocent family

order to minimize the impact on his innocent family members, and more specifically, for the sake of his son's mental and emotional welfare.

Other courts have recognized the importance of a downward departure where a defendant has been an important and caring supporter of his family, where he is not dangerous, and where he has admitted his guilt. *United States v. Galante,* 111 F.3d 1029, 1035-1037 (2d Cir. 1997) (upholding departure where defendant provided substantial support for two children and was a conscientious and caring father whose children would have suffered extreme financial hardship, and defendant pled guilty to his offense); *See also United States v. Owens,* 145 F.3d 923, 925-926 & 929 (7th Cir. 1998) (downward departure affirmed because defendant "differs from that of a typical crack dealer in that [the defendant] takes an active role in raising his children and supporting his family"); *United States v. One Star*, 9 F.3d 60 (8th Cir. 1993) (departure downward where defendant not dangerous, possessed gun in self-defense, had strong family ties, and lived on Indian reservation).

Other courts have also recognized the importance of a downward departure for the sake of an innocent family member's well-being. See *United States v. Aguirre,* 214 F.3d 1122, 1127 (9th Cir. 2000) (within district court's discretion to depart downward 4 levels for extraordinary family circumstances "based on the

fact that there is an 8 year-old son who's lost a father
and would be losing a mother for a substantial period of
time"); *United States v. Alba,* 933 F.2d 1117, 1122 (2d
Cir. 1991) (upholding departure where defendant
supported family and his disabled father relied on
defendant to get out of his wheelchair). Downward
departures have been found warranted based on the
emotional or mental repercussions faced by innocent
family members. *United States v. Haversat*, 22 F.3d 790,
797 (8th Cir. 1994) (downward departure okay where
husband's care critical to well-being of mentally ill wife);
*United States v. Sclamo*, 997 F.2d at 973-974 (downward
departure affirmed where defendant had developed
special relationship with woman's son that helped
ameliorate son's serious psychological and behavioral
problem, and son would regress if defendant
incarcerated). *See also United States v. Blake*, 89
F.Supp.2d 328, 339 (E.D.N.Y. 2000) (departure in part
because of emotional trauma 3-year old daughter would
suffer); *United States v. Wehrbein*, 61 F.Supp.2d 958,
975-976 (D. Neb. 1999) (departure warranted because
11-year-old son of defendant would be harmed if
defendant imprisoned because emotional and mental
disorder improved markedly when defendant returned
from serving state sentence on similar charges); *United
States v. Lopez*, 28 F.Supp.2d 953, 954-955 (E.D.Pa.
1998) (extraordinary family circumstances warranting

downward departure for defendant who pleaded guilty to conspiracy to distribute heroin and criminal forfeiture charge where defendant's seven-year-old daughter had suffered mental illness and attempted suicide since defendant's arrest).

"Because of extreme hardship to the family, [this] court could justify a downward departure from the guideline range . . . without sacrificing society's interest in the punishment of the offender." *United States v. Vidrickson*, 998 F.2d 601 604 (8th Cir. 1993) (Bright, Senior Circuit Judge, concurring). *See United States v. Gaskill*, 991 F.2d 82, 84-86 (3rd Cir. 1993).

## C. Conclusion

The plea agreement certainly represents an appropriate resolution of this matter. However, because the defendant's criminal history category over-represents the seriousness of his background, and because the guidelines calculation fails to account for his extraordinary family circumstances, a downward departure is clearly warranted. The defendant asks that this court depart downward by at least one point on each of the above grounds.

Respectfully submitted,

Jeffrey Margolin
*By his attorney,*

8

Martin K. Leppo, Esq.
B.B.O. # 294480
Leppo and Leppo
Fifteen South Main Street
Randolph, MA 02368
(781) 961-3344

## CERTIFICATE OF SERVICE

I, Martin K. Leppo, certify that on this 27th day of August, 2004, a true copy of the foregoing Defendant's Memorandum In Aid Of Sentencing has been served, by first class mail, postage prepaid, upon the following:

Michael J. Pineault
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

Tricia Marcy
U.S. Probation Officer
U.S. Probation Office
1 Courthouse Way
Suite 1200
Boston, MA 02210

Martin K. Leppo

*filed in Chambers*
*8/30/04 RY*

# LEPPO & LEPPO

### ATTORNEYS AT LAW

MARTIN K. LEPPO

FIFTEEN SOUTH MAIN STREET
RANDOLPH, MASSACHUSETTS 02368
(781) 961-3344  (800) 392-6049
FAX (781) 961-4841

CARL R. LEPPO

August 27, 2004

Rebecca Greenberg, Ctrm. Clerk
Honorable Douglas P. Woodlock
U.S. District Court for the
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Re:    Jeffrey Margolin
       No. 04-10173-DPW

Dear Ms. Greenberg:

Enclosed for filing and docketing please find Defendant's Memorandum In Aid Of Sentencing.

Thank you for your attention to this matter.

Very truly yours,

Martin K. Leppo

MKL/kml
Enclosure

cc:    Michael Pineault, AUSA
       Tricia Marcy, U.S. Probation Officer